UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| JOE HOUSTON, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | Case No. |
| POWERGATE SHOPS, LLC, a Florida | : | |
| Limited Liability Company, | : | |
| | : | |
| Defendant. | : | |

/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, JOE HOUSTON, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, POWERGATE SHOPS, LLC, a Florida Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff, Joe Houston, is an individual residing in Pompano Beach, FL, in the County of Broward.

2.     Defendant's property, Powergate Shops, is located at 1405-1437 S. Powerline Rd., Pompano Beach, FL 33069, in the County of Broward.

3.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and the Defendant does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Joe Houston, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Mr. Houston is a quadriplegic and uses a wheelchair to ambulate.

6.      Mr. Houston has visited the subject shopping center and its tenants on numerous occasions, the last time on June 11, 2021.   Mr. Houston definitely intends to return to the subject shopping center and the tenants therein in the near future and on a regular basis.

7.      Mr. Houston has encountered architectural barriers at the subject property.   The barriers to access at the subject property have endangered his safety.

8.      Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Powergate Shops, and is located at 1405-1437 S. Powerline Rd., Pompano Beach, FL 33069.

9.      Joe Houston has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

10.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the

Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of the Shopping Center has shown that violations exist.   These violations, that Joe Houston has personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

A.   .Several accessible parking spaces lack access aisles with many located on slopes > 3%. There is no compliant accessible route to enter the building, preventing Mr. Houston's safe unloading from vehicles and accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, the solution is readily achievable.

**Entrance Access and Path of Travel**

A.   Cross slopes, changes of level and improper walks impeded Mr. Houston's path of travel to enter and travel between store interior areas to and from parking, sidewalks and public transit, violating the ADAAG and 2010 ADAS Sections 303, 304, 403 and 404, where the solutions are readily achievable.

**Access to Goods and Services**

A.   The plaza fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities, violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

B.   Check-out and dining surfaces in Dunkin Donuts, Florida Fresh Sushi and other stores at the plaza are inaccessible to the Plaintiff lacking approach or knee and toe space, as required by the ADAAG and 2010 ADAS.

**Access to Plaza Restrooms**

A.   Mr. Houston could not safely use Dunkin Donuts restroom door with improper hardware. The signage is inaccessible > 60" high on the face of an out-swinging door, violating the ADAAG and ADAS Sections 216 and 404.

B.   The restroom door maneuvering space to exit is obstructed by the sink, preventing Mr. Houston from exiting without assistance, violating the ADAAG and ADAS Section 404.

3

C.   Mr. Houston could not use the toilet paper, hand dryer and mirror which are inaccessible and improperly located, violating Section 4.2 of the ADAAG and ADAS Sections 308, 309 and 603.

D.   Plaintiff could not safely use Dunkin Donuts water closet with grab bars improperly located > 36" AFF, violating the ADAAG and Sections 604 and 609 of the 2010 ADAS.

E.   Plaintiff could not safely use Florida Fresh Sushi restroom water closet which has grab bars of inadequate length which are improperly located > 36" AFF, violating the ADAAG and Sections 604 and 609 of the 2010 ADAS.

F.   Mr. Houston could not use Florida Fresh Sushi restroom door with improper hardware. Sign is improper > 60" high on the door face, violating the ADAAG and ADAS Sections 216 and 404.

G.   The Florida Fresh Sushi restroom approach space to the sink is obstructed by stored items preventing Mr. Houston use of the sink, violating the ADAAG and ADAS Section 606.

H.   Mr. Houston could not use the toilet paper, towels, coat hook and mirror which are improperly placed and are inaccessible, violating Section 4.2 of the ADAAG and ADAS Sections 308, 309 and 603.

## Maintenance

A.   The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

12.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13.   The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff and all other individuals

similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Shopping Center to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all

readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

   d. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

   e. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

John P. Fuller, Esq. (FL Bar No. 0276847)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

Counsel for Plaintiff Joe Houston